Brevard, J.
The writ was to answer a plea of trespass on the case, and the declaration was sur assumpsit. The defendant pleaded to the action, and the plaintiff had a verdict. The motion in the District Court was to arrest the judgment, for a departure in the declaration from the writ. The motion was overruled, and in my opinion properly overruled.
A departure is where a man quits or departs from one defence which he has made, and has recourse to another; it is where his second plea contains matter not pursuant to his first plea, and which does not support and fortify it. (Co. Litt. 3 and 4. 2 Wils. 98.)
I incline to think there is a material variance between the writ and declaration, which might have been taken advantage of by a plea in abatement, or a special demurrer. The term departure is' not, in my opinion, applicable. (2 Saund. 84, in the note. Sir T. Raym. 86.)
An action on the case is a genus, embracing a variety of species of actions; but yet I think the distinction ought to be made and preserved between actions founded in tort, and such as are founded on contract; and that the same writ ought not to be common to both these sorts of actions.
But be that as it may, no advantage of the variance could be taken in arrest of judgment. The defendant ought to have craved oyer, of the writ, and pleaded the variance in abatement. (2 Salk. 658. 2 Wils. 85, 394, 297.) Formerly, it seems, when the whole writ was spread on. the same roll with the count, the defendant *44 might move in arrest of .judgment for the variance. (Cro Eliz. 829. 5 Com. Dig. 327.)
It has been adjudged that a material variance is not aided by a verdict. (Cro. Eliz. 185, 829, 722. 2 Ventr. 153. 5 Com. Dig. 327.) But by the statute, 5 Geo. 13, after verdict, judgment shall not be stayed or reversed, for any defect in form or substance, in any writ, or any variance in the writ from the declaration. (1 Com. Dig. 452.) This statute has not been formally made of force in this State, but it has been copied in an act of assembly of 1734. P. L. 139, sec. 7. Therefore, it seem quite clear that the motion ought not to prevail.
Bsr the COURT, unanimously, the motion was rejected.